UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> ALAN LESCHT, *et al.*, <br><br> Defendants. | Civil Action No. 23-cv-3528 (TSC) |

## MEMORANDUM OPINION

Plaintiff Janet Thomas, proceeding *pro se*, filed this action for legal malpractice against Defendants Alan Lescht and Jack Bradley Jarrett, III. Plaintiff retained Defendants to represent her in an employment discrimination case against the United States Agency for International Development ("USAID") before the Equal Employment Opportunity Commission ("EEOC") in December 2018. In July 2021, an Administrative Judge granted USAID's Motion for Summary Judgment, dismissing Plaintiff's EEOC complaint. Plaintiff claims that Defendants were negligent and breached their duty of care to competently represent her in the EEOC proceedings. Defendants moved to dismiss Plaintiff's Amended Complaint, ECF No. 5, for lack of subject matter jurisdiction and failure to state a claim. Defs.' Mot. to Dismiss ("Defs.' MTD"), ECF No. 10. The court finds that Plaintiff's legal malpractice claim does not arise under federal law and the Amended Complaint fails to adequately plead diversity jurisdiction. Accordingly, the court lacks subject matter jurisdiction and Defendants' Motion to Dismiss is GRANTED. Because it lacks subject matter jurisdiction, the court need not address Defendants' motion to dismiss for failure to state a claim and Plaintiff's Motion for Referral to the Disciplinary Board, ECF No. 21, is DENIED.

## I.     BACKGROUND

Defendants represented Plaintiff on three EEOC complaints.  Am. Compl. ¶¶ 7–8.  In December 2018, she retained their firm, Alan Lescht & Associates, to file the first complaint, alleging discrimination, hostile work environment, and retaliation under Title VII against her then-current employer, USAID.  *Id.* ¶ 7 (Claim 1: OCRD-004-19-F; EEOC 570-2020-00280C).  Defendant Jarrett was the principal attorney on her case.  *Id.*  In November 2019, USAID terminated Plaintiff.  *Id.* ¶ 8.  She then filed two additional EEOC complaints, alleging wrongful termination in retaliation for protected activity and retaliation against a former employee.  *Id.* ¶ 8 (Claim 2: OCRD-007-20-F; EEOC 570-2020-01065X and Claim 3: OSRC-037-20-F; EEOC 570-2020-01594X).  Plaintiff provided sworn written testimony to substantiate each EEOC claim.  Am. Compl. Exs. 1–3, ECF No. 5-1, 2, 3.  In October 2020, Jarrett filed a motion to consolidate the three complaints into one proceeding.  *See* Am. Compl. ¶ 8; Defs.' MTD Ex. 9, ECF No. 10-11; Pl.'s Opp'n to Defs.' MTD ("Pl.'s Opp'n") at 7, ECF No. 16.  On July 21, 2021, an EEOC Administrative Judge granted USAID summary judgment on all of Plaintiff's claims, concluding "there are no genuine issues of fact in dispute" and the claims failed as a matter of law.  Pl.'s Opp'n Ex. 4 at 1, 9–18, ECF No. 16-1; Am. Compl. ¶ 11.

Plaintiff filed this action for legal malpractice in November 2023.  Compl., ECF No. 1.  She amended her Complaint as of right on December 8, 2023.  Am. Compl. at 1.  She alleges that Defendants were negligent and breached their duty of care.  *Id.* ¶ 10.  In support, she claims that Defendants: (1) combined the three claims in a manner that reframed the case, misrepresented the issues, and omitted critical incidences, *id.*; (2) failed to argue that USAID violated its own policies and procedures, *id.* ¶¶ 17–19; (3) failed to argue that USAID violated 5 U.S.C. § 4302, *id.* ¶ 20; and (4) failed to file an amended complaint after consolidating the cases, *id.* ¶ 21.  Defendants moved to dismiss on December 26, 2023.  Defs.' MTD at 1.

Separately, on July 1, 2024, Plaintiff moved to refer Defendants to the District of Columbia Office of Disciplinary Counsel for investigation and disciplinary action. Pl.'s Mot. for Referral at 6, ECF No. 21. Plaintiff argues that Defendants' motion to dismiss arguments before this court constitute a fraud upon the court. *Id.* at 4.

## II. LEGAL STANDARD

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defs.' MTD at 1. Federal district courts have limited jurisdiction—"they possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Courts "must construe *pro se* filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

## III. ANALYSIS

Federal district courts typically derive jurisdiction from two statutory grants: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, *id.* § 1332. Plaintiff has not alleged an adequate basis for either form of jurisdiction.

In her Amended Complaint, Plaintiff asserts federal question jurisdiction because the case "is about legal malpractice of a Title VII Civil Rights employment case." Am. Compl. ¶ 1. That nexus is insufficient. Federal question jurisdiction only exists if a well-pleaded complaint establishes that "federal law creates the cause of action asserted" or the case necessarily raises a substantial and actually disputed federal question. *Gunn v. Minton*, 568 U.S. 251, 257 (2013)

(citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Courts in this jurisdiction have determined that "breach of contract or attorney malpractice claims properly belong in state court, even where the underlying case involved claims arising under federal law." *Steele v. Salb*, 681 F. Supp. 2d 34, 36 (D.D.C. 2010) (collecting cases); *cf. Gunn*, 568 U.S. at 258–59 ("It is clear that Minton's legal malpractice claim does not arise under federal patent law. . . state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)."). "The fact that Plaintiff's lawsuit is based on alleged errors made by Defendants while representing Plaintiff in a federal Title VII action is not sufficient to create federal question jurisdiction in this case." *Steele*, 681 F. Supp. 2d at 37.

Although Plaintiff did not assert diversity jurisdiction, the court has an "independent obligation" to determine subject matter jurisdiction, *Momenian v. Davidson*, 878 F.3d 381, 389 (D.C. Cir. 2017), and "must construe *pro se* filings liberally," *Richardson*, 193 F.3d at 548. Subject matter jurisdiction based in diversity requires that (1) the amount in controversy exceeds $75,000 and (2) the parties are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). Plaintiff plainly satisfies the first prong, as she seeks "$2 million" with interest for "lost wages and benefits, compensatory damages, emotional distress, pain and suffering and legal fees." Am. Compl. ¶¶ 23–24. But she fails to carry her burden under the second prong. To adequately establish diversity of citizenship, Plaintiff must allege that the parties are domiciled in different states, which is determined by "physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Momenian*, 878 F.3d at 389 (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)). "An allegation of *residence* alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20

(D.C. Cir. 1983)). Plaintiff alleges that her "current mailing address" is in New Jersey, that Defendant Lescht "is located" in Washington, D.C., and that Defendant Jarrett's "current address" is in Virginia. Am. Compl. ¶¶ 4–6. Despite affiliating each party with a different state, Plaintiff's allegations do not equate to diverse citizenship. First, it is unclear whether Plaintiff's "mailing address" is her residence and Defendant Jarrett's address is disputed. *Id.*; Defs.' MTD at 1 n.1. Even if the parties reside at the proffered addresses, the court cannot conclude diversity jurisdiction exists. *See, e.g.*, *Novak*, 452 F.3d at 906. As noted above, residency does not establish domicile, "an essential element of federal diversity jurisdiction." *Id.* "That is a fatal pleading defect even for a *pro se* litigant." *Hayman v. Bldg Metro Cap. LLC*, No. 22-cv-2092-TJK, 2023 WL 5951976, at *4 (D.D.C. Sept. 13, 2023); *see also Humphries v. Newman*, No. 18-cv-2936-JMC, 2022 WL 612657, at *6 (D.D.C. Mar. 2, 2022).

It is possible that the parties are diverse, but, as it stands, the Amended Complaint pleads insufficient facts for the court to make that determination. To remedy the defect, Plaintiff must allege that she is physically located and intends to remain in a different state than either Defendant. *Momenian*, 878 F.3d at 389. Plaintiff has not established Defendants' or her own domicile. Even taking judicial notice of Defendants' law firm business address, it does not necessarily follow that Defendants are domiciled in the same state as the business. For her own domicile, Plaintiff provides a "mailing address" in New Jersey, but her sworn statements suggest significant ties to Washington, D.C. *See* Am. Compl. ¶ 4; Am. Compl. Ex. 1 at 2 ("I was in Washington from October 2015 until May 2017."); Am. Compl. Ex. 2 at 3 (Plaintiff returned to Washington in September 2019 and was told she "would not be returning back to Kabul."); *id.* at 9 (Plaintiff was encouraged "to apply for a position in the office back in Washington after [she] complete[d] [her] Afghanistan assignment.").

Because Plaintiff has not established that her claim arises under federal law or diversity of citizenship, the court will grant Defendants' motion to dismiss without prejudice. The court does not reach Defendants' Rule 12(b)(6) motion and denies Plaintiff's request to refer Defendants for disciplinary action. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 7 (D.C. Cir. 2019) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))). Plaintiff may, however, seek leave to amend her complaint. *See* Pl.'s Opp'n at 3. In general, "courts freely grant *pro se* litigants leave to amend . . . in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson*, 193 F.3d at 548–49 (internal citations omitted). Although Plaintiff has already amended as of right, further amendment to address the jurisdictional deficiencies may not be futile.

## IV.   CONCLUSION

For the reasons discussed above, the court shall GRANT Defendants' Motion to Dismiss, ECF No. 10, and DENY Plaintiff's Motion for Referral to Disciplinary Board, ECF No. 21. Plaintiff's Motion for Leave to File a Second Amended Complaint is due by March 3, 2025.

Date: February 3, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge